El Paso County - 448th District Court

Filed 8/31/2021 7:11 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV3123

CAUSE NO. _____

| | | |
|---|---|---|
| MARK CONLON<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | |
| AARON LEE SHANNON, AMERICAN FURNITURE WAREHOUSE, CO., MAURICIO DEL REAL OLAN, STREAM EXPRESS, INC., and KEVIN LANCE LIGON,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§ | ____ JUDICIAL DISTRICT<br><br><br><br>EL PASO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

MARK CONLON, hereinafter referred to as "Plaintiff", files this original petition and request for disclosures against AARON LEE SHANNON, AMERICAN FURNITURE WAREHOUSE, CO., MAURICIO DEL REAL OLAN, STREAM EXPRESS, INC., and KEVIN LANCE LIGON, and alleges as follows:

### I.

### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### II.

### CLAIM FOR RELIEF

Plaintiff seeks monetary relief over $1,000,000.00.

## III.

## PARTIES

Plaintiff MARK CONLON, an individual, resides in Hudspeth County, Texas.

Defendant AARON LEE SHANNON ("SHANNON"), an individual, may be served with process at his residence, 5150 N. 99TH Apt. 1036, Glendale, Arizona 85305, or wherever he may be found.

Defendant AMERICAN FURNITURE WAREHOUSE, CO. ("AMERICAN FURNITURE"), is a company doing business in the State of Texas and may be served with process by and through its registered agent, Jimmy Phan at 3475 Marsh Creek Way, Elk Grove, California 95768.

Defendant MAURICIO DEL REAL OLAN ("OLAN"), an individual, may be served with process at his residence, 13360 E. Manning Ave., Apt. 44, Parlier, California 93648, or wherever he may be found.

Defendant STREAM EXPRESS, LLC, ("STREAM EXPRESS"), is a company doing business in the State of Texas and may be served with process by and through its registered agent, Navjyot P. Aulakh at 15128 S. Harlan Rd., Suite #244, Lathrop, CA 95330.

Defendant KEVIN LANCE LIGON (hereinafter referred to at times as "LIGON") is an individual residing in California and may be served with process at his residence, 8440 De Longpre Apt. 301 Ave W Hollywood, California, 90068.

## IV.

## JURISDICTION

The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## V.

## VENUE

Venue is proper in El Paso County, Texas because the collision made the basis of this lawsuit occurred in said county and thus, all or a substantial part of the events or omissions giving rise to the claim occurred in El Paso County, Texas. See Texas Civil Practice and Remedies Code § 15.002 (1).

## VI.

## FACTS

On or about October 3, 2019, Defendant SHANNON was operating a 2016 Kenworth tractor with attached trailer driving east of IH 10 in El Paso County, Texas. Plaintiff was operating a 2006 Ford F-150 traveling in front of Defendant SHANNON. Defendant SHANNON failed to control his speed and struck the back end of the 2006 Ford F-150 operated by the Plaintiff with the Kenworth tractor's front end. The collision caused the Ford F-150 to flip onto the westbound lanes of IH 10. Defendant LIGON was operating a 2015 BMW 535 traveling west when he collided with Plaintiff's vehicle.

Defendant OLAN was operating a 2018 Freightliner tractor with attached trailer driving westbound on IH 10. Defendant OLAN struck the front left end of Plaintiff's Ford F-150 with the left distributor of the Freightliner tractor. Plaintiff was then struck from behind.

Defendant AMERICAN FURNITURE owned, maintained and controlled the 2016 Kenworth tractor and/or attached trailer operated by Defendant SHANNON at the time of the collision. Defendant SHANNON operated the 2016 Kenworth tractor and/or attached trailer in furtherance of Defendant AMERICAN FURNITURE's business.

Defendant STREAM EXPRESS owned, maintained and controlled the 2018 Freightliner tractor operated by Defendant OLAN at the time of the collision. Defendant OLAN operated the

2018 Freightliner tractor and/or attached trailer in furtherance of Defendant STREAM EXPRESS' business.

At all times relevant hereto, Plaintiff operated his vehicle in a reasonable and prudent manner. The collision and resulting injuries to Plaintiff were directly caused as a result of the negligence of the Defendants.

## VII.

## CAUSES OF ACTION

Defendants committed acts and/or omissions, singularly or in combination with others, which constitute negligence and proximately caused the collision made the basis of this action and which resulted in the injuries of the Plaintiff.

### A) Negligence and/or Negligence *per se* of Defendant SHANNON

Defendant SHANNON breached the duty owed to the Plaintiff to exercise reasonable care by committing the following acts and/or omissions:

a. Driver inattention;

b. Failing to maintain proper control of the tractor and trailer as a person using ordinary care would have done under the same or similar circumstances;

c. Failing to control speed, in violation of the Texas Transportation Code;

d. Failing to take proper evasive action;

e. Failing to obtain or have the necessary knowledge, training and experience to safely operate the tractor and trailer;

f. Failing to maintain a knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedures for safe vehicle operation in violation of 49 C.F.R. § 383.111;

g. Failing to have required knowledge of vehicle operation in violation of 49 C.F.R. § 383.111;

h. Failing to have required skills in vehicle operation in violation of 49 C.F.R. § 383.113;

i. Failing to have knowledge and compliance with the regulations in violation of 49 C.F.R. § 390.3;

j. Failing to operate the vehicle in a reasonable and prudent manner;

k. Failing to keep a proper lookout as a person using ordinary care would have done under the same or similar circumstances; and

l. All other acts and/or omissions that may be shown at the trial of this matter.

Plaintiff alleges that the actions or inactions of Defendant SHANNON constituted negligence and/or negligence *per se* and such negligence was a proximate cause of Plaintiff's injuries as will be set out below.

**B)   Negligence and/or Negligence *per se* of Defendant AMERICAN FURNITURE**

Defendant AMERICAN FURNITURE violated numerous federal and state statutes designed to protect and safeguard the motoring public, including Plaintiff, therefore Defendant AMERICAN FURNITURE is liable for negligence and/or negligence *per se*.

Defendant AMERICAN FURNITURE is also liable for Plaintiff's damages under the doctrine of *respondeat superior*, as Defendant SHANNON and was driving a tractor owned and maintained by Defendant AMERICAN FURNITURE and was on a mission for the commercial benefit of Defendant AMERICAN FURNITURE at the time of the collision. Defendant SHANNON was subject to the control of Defendant AMERICAN FURNITURE as to the details of the mission and was driving in the course and scope of his employment as designated by the Federal Motor Carrier Regulations, including 49 C.F.R. § 390.5.

Furthermore, Defendant AMERICAN FURNITURE breached the duty owed to the Plaintiff to exercise reasonable care by committing the following acts and/or omissions:

a. Negligently entrusting the 2016 Kenworth tractor with attached trailer to Defendant SHANNON;

b. Failing to supervise the conduct its drivers;

c. Failing to train drivers regarding safe vehicle operation on the roadways;

d. Failing to adequately maintain its tractor trailer;

e. Failing to train, supervise and implement safety policies for its drivers; and

f. All other acts and/or omissions that may be shown at the trial of this matter.

Plaintiff alleges that the actions or inactions of Defendant AMERICAN FURNITURE constituted negligence and/or negligence *per se* and such negligence was a proximate cause of Plaintiff's injuries as will be set out below.

C) **Negligence and/or Negligence *per se* of Defendant OLAN**

Defendant OLAN breached the duty owed to the Plaintiff to exercise reasonable care by committing the following acts and/or omissions:

a. Driver inattention;

b. Failing to maintain proper control of the tractor and trailer as a person using ordinary care would have done under the same or similar circumstances;

c. Failing to control speed;

d. Failing to take proper evasive action;

e. Failing to obtain or have the necessary knowledge, training and experience to safely operate the tractor and trailer;

f.  Failing to maintain a knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedures for safe vehicle operation in violation of 49 C.F.R. § 383.111;

g.  Failing to have required knowledge of vehicle operation in violation of 49 C.F.R. § 383.111;

h.  Failing to have required skills in vehicle operation in violation of 49 C.F.R. § 383.113;

i.  Failing to have knowledge and compliance with the regulations in violation of 49 C.F.R. § 390.3;

j.  Failing to operate the vehicle in a reasonable and prudent manner;

k.  Failing to keep a proper lookout as a person using ordinary care would have done under the same or similar circumstances; and

l.  All other acts and/or omissions that may be shown at the trial of this matter.

Plaintiff alleges that the actions or inactions of Defendant OLAN constituted negligence and/or negligence *per se* and such negligence was a proximate cause of Plaintiff's injuries as will be set out below.

**D)  Negligence and/or Negligence *per se* of Defendant STREAM EXPRESS**

Defendant STREAM EXPRESS violated numerous federal and state statutes designed to protect and safeguard the motoring public, including Plaintiff, therefore STREAM EXPRESS is liable for negligence and/or negligence *per se*.

Defendant STREAM EXPRESS is also liable for Plaintiff's damages under the doctrine of *respondeat superior*, as Defendant OLAN and was driving a tractor owned and maintained by Defendant STREAM EXPRESS and was on a mission for the commercial benefit of Defendant STREAM EXPRESS at the time of the collision. Defendant OLAN was subject to the control of

Mark Conlon
Plaintiff's Original Petition and Request for Disclosure                                                                                      Page 7 of 11

Defendant STREAM EXPRESS as to the details of the mission and was driving in the course and scope of his employment as designated by the Federal Motor Carrier Regulations, including 49 C.F.R. § 390.5.

Defendant STREAM EXPRESS breached the duty owed to the Plaintiff to exercise reasonable care by committing the following acts and/or omissions:

g. Negligently entrusting the 2018 Freightliner tractor with attached trailer to Defendant OLAN;

h. Failing to supervise the conduct its drivers;

i. Failing to train drivers regarding safe vehicle operation on the roadways;

j. Failing to adequately maintain its tractor trailer;

k. Failing to train, supervise and implement safety policies for its drivers; and

l. All other acts and/or omissions that may be shown at the trial of this matter.

Plaintiff alleges that the actions or inactions of Defendant STREAM EXPRESS constituted negligence and/or negligence *per se* and such negligence was a proximate cause of Plaintiff's injuries as will be set out below.

E. **Negligence - Defendant LIGON**

Defendant LIGON breached the duty owed to the Plaintiff to exercise reasonable care by committing the following acts and/or omissions:

a. Failing to maintain proper control of his vehicle as a person using ordinary care would have done under the same or similar circumstances;

b. Failing to take proper evasive action; and

c. All other acts and/or omissions that may be shown at the trial of this matter.

Plaintiff alleges that the actions or inactions of Defendant LIGON constituted negligence and such negligence was a proximate cause of Plaintiff's injuries.

## VIII.

## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff seeks the following damages:

1. Reasonable expenses of necessary medical care incurred in the past;
2. Reasonable expenses of necessary medical care that, in reasonable probability, Plaintiff will incur in the future;
3. Physical pain and mental anguish sustained in the past;
4. Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;
5. Physical impairment sustained in the past;
6. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;
7. Physical disfigurement sustained in the past; and
8. Physical disfigurement that, in reasonable probability, Plaintiff will sustain in the future.

## IX.

## JURY DEMAND

Plaintiff demands a jury trial and tender the appropriate fee with this petition.

## X.

## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED BY DEFENDANTS IN RESPONSE TO PLAINTIFF'S WRITTEN DISCOVERY PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7

Plaintiff hereby serves notice that Plaintiff intends to use any and all documents produced by Defendants in response to written discovery propounded to the Defendants. As such, the produced documents are self-authenticating pursuant to TRCP, Rule 193.7.

## XI.

## PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANTS OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

Plaintiff hereby requests, pursuant to Rule 609(f) of the Texas Rules of Evidence, that Defendants provide advance written notice of intent to seek admission of criminal convictions, as defined in TRE, Rule 609(a) against any witness designated by any party as a relevant fact witness, testifying expert witness and/or any consulting expert witness whose mental impressions or opinions have been reviewed by a testifying expert witness.

## XII.

## REQUIRED DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants have a duty to disclose the information or material described in Rule 194.2, 194.3 and 194.4 within 30 days after the filing of the first answer or general appearance.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from the Defendants for the following:

1. Actual economic damages;
2. Actual non-economic damages;
3. Pre-judgment and post-judgment interest;
4. Court costs; and
5. All other relief, at law or equity, to which Plaintiff shows himself justly entitled to receive.

Respectfully submitted,

LAW OFFICE OF ROGELIO SOLIS, PLLC
P. O. Box 2307
Edinburg, Texas 78540
Tel: (956) 381-4357
Fax: (866) 336-3238
Email: rogelio@381help.com
Email: Daniel@381help.com

By: /s/ R. Solis
ROGELIO SOLIS
State Bar No. 24081374

DANIEL R. SORRELLS, *of counsel*
State Bar No. 24072356

**ATTORNEYS FOR PLAINTIFF**